UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LESLIE DANIEL ALEXANDER,

Plaintiff,

v.  4:10-cv-270

VADEN NISSAN,

Defendant.

## ORDER

### I. INTRODUCTION

Plaintiff Leslie Daniel Alexander ("Alexander") sued Defendant Vaden Nissan ("Vaden") for sexual harassment. *See* Doc. 1. But Vaden and Alexander signed an agreement to arbitrate any dispute between them, including any harassment suit arising under federal law. *See* Doc. 6-2. Vaden filed a "Motion to Dismiss and to Compel Arbitration," requesting that the Court dismiss the complaint or stay the action and compel arbitration. *See* Doc. 6. Alexander failed to respond to Vaden's motion, indicating that she does not oppose the motion. *See* L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

### II. ANALYSIS

The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), applies to the parties' agreement. "Employment contracts, except those covering workers engaged in transportation, are covered by the FAA." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112 (2001) (limiting "transportation" workers to those "actually engaged in the movement of goods in interstate commerce"). The parties' arbitration agreement appeared in Alexander's employment contract and she is not a transportation worker within the meaning of 9 U.S.C. § 1's exclusion from the FAA's coverage.

The FAA creates a strong federal policy in favor of arbitration. *See Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009). "Accordingly, courts rigorously enforce arbitration agreements." *See id.* "Title VII claims are subject to compulsory arbitration." *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992).

"The FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Waffle House*, 534 U.S. at 761-62. (citing 9 U.S.C. §§ 3 and 4).

Alexander signed an Agreement to Arbitrate when she received her employee handbook from Vaden. *See* Doc. 6-2. In the agreement Alexander agreed that:

> any dispute of a legal nature arising under federal, state or local law between [her] and [Vaden], including any such claim regarding [Vaden] property, discrimination, harassment, or any other legal dispute relating to [her] employment or arising under any labor, employment, or civil rights law, will be subject to final and binding arbitration in

accordance with the terms of [Vaden's] Arbitration Policy and Arbitration Rules.
. . .

*Id.*

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . ." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

Here, Alexander agreed to arbitrate any legal dispute relating to her employment or arising under any labor, employment, or civil rights law, specifically including harassment claims. *See* Doc. 6-2. Nonetheless, she has brought a civil suit in federal court alleging sexual harassment at work. This dispute falls squarely within the parties' arbitration agreement. Alexander's claim is subject to arbitration.

### III. DISPOSITION

"Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration. 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4." *Bender*, 971 F.2d at 699 (district court "erred in dismissing the claims rather than staying them").

Accordingly, the Court *STAYS* this action pending arbitration. *See* 9 U.S.C. § 3. Vaden's "Motion to Dismiss and to Compel Arbitration," *see* Doc. 6, is *GRANTED IN PART AND DENIED IN PART.*

This 25th day of April 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2